

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2006

# Aron v. Quest Diagnostics

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3500

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Aron v. Quest Diagnostics" (2006). *2006 Decisions*. Paper 1327.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1327

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNREPORTED- NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3500

_____

STUART ARON,
                                        Appellant
vs.

QUEST DIAGNOSTICS INC.

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-02581)
District Judge: Honorable Katharine S. Hayden

_____

Submitted Under Third Circuit LAR 34.1(a)
April 3, 2006
Before: FISHER, ALDISERT AND WEIS, <u>Circuit Judges</u>.

(Filed April 3, 2006)

_____

OPINION

_____

PER CURIAM.

       Stuart Aron appeals from the order of the United States District Court for the

District of New Jersey granting the Appellee's motion for summary judgment in this action

brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII").

       The parties are familiar with the facts of the case, which are fully set forth in the

District Court Opinion, and thus, we will not recount them here.  In 2003, Aron brought this

1

action under Title VII alleging that Quest Diagnostics Inc. ("Quest"), a company providing clinical testing and other services to out-patient and hospital health care providers, employees, and government agencies, failed to hire him because he was an Orthodox-observant Jew who could not work on the Sabbath. The District Court liberally construed the Complaint as claiming religious discrimination based on disparate treatment, disparate impact, and failure to accommodate Aron's religious beliefs, in violation of Title VII.

Quest moved for summary judgment and Aron filed a response. Quest contended among other things, that Aron failed to rebut Quest's legitimate, non-discriminatory reason for declining to hire him because he could not work two Saturdays a month, one of the requirements of the job he had applied for.

The District Court granted summary judgment for Quest. First, the District Court ruled that Aron failed to demonstrate through statistical or other competent evidence that Quest's practice of requiring employees to work two Saturdays a month had a disparate impact on Orthodox-observant Jews. Aron alleged only his own single instance of adverse impact, which was insufficient, without more, to show disparate impact under Title VII.

The District Court determined that Aron satisfied the prima facie case for disparate treatment in hiring under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), but that he failed to rebut Quest's legitimate, non-discriminatory reason for declining to hire him. Quest explained that it implemented the Saturday work policy in 2000 in response to the demand for increased weekend service. The District Court held that Aron produced no evidence upon which a reasonable factfinder could conclude that Quest's proffered reasons for not hiring Aron

2

were pretextual. Moreover, the District Court determined that there was no record evidence of discriminatory motive or that his religious beliefs were a determining factor in the decision not to hire him.

Turning to Aron's claim that Quest failed to accommodate his religious beliefs by excusing him from the Saturday work requirement, the District Court held that Aron had established a prima facie case: (1) he could not work on Saturdays because of his religious beliefs; (2) he informed Quest of that fact; and (3) he was not hired as a phlebotomist at Quest. However, the District Court determined that there was record support for Quest's claim of undue hardship. Quest enforced the Saturday work requirement with respect to all employees. It asserted that making an accommodation for Aron's religious needs would result in unequal treatment of the other employees and negatively affect employee morale. Moreover, Quest's policy of "floating" phlebotomists among its own patient service centers meant that it could not accommodate Aron by assigning him only to those medical practices for whom Quest provided clinical testing that were not open on Saturdays. The District Court rejected Aron's unsupported contention that Quest would incur minimal costs if they accommodated him by hiring and training phlebotomists to cover his Saturday obligation.

Aron filed a timely notice of appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over an order granting summary judgment. See Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64 (3d Cir. 1990). As is well understood, summary judgment is granted when "no genuine issue [exists] as to any material fact and [when] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the nonmoving party and

we draw all inferences in that party's favor.  See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).  Upon thorough review to Aron's arguments on appeal with respect to his Title VII claims, we conclude that they are meritless, and we will affirm in this case for substantially the same reasons set forth in the District Court's opinion.

Aron also appeals the Magistrate Judge's denial of his motion for entry of default against Quest.  Because Aron failed to object to the Magistrate Judge's order in District Court, the issue is waived for purposes of appeal.  See United Steelworkers of Am. v. New Jersey Zinc Co., 828 F.2d 1001, 1006 (3d Cir. 1987).  Even if the issue were not waived, we discern no abuse of discretion in denying entry of default.

Accordingly, we will affirm the judgment of the District Court.